IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MILWAUKEE MUTUAL INSURANCE COMPANY, n/k/a MILWAUKEE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ARCHITECTURAL SEALANTS, INC., F.H. PASCHEN, S.N. NIELSEN, INC., and BOARD OF TRUSTEES OF WILLIAM RAINEY HARPER COLLEGE NO. 512, and ILLINOIS CAPITAL DEVELOPMENT BOARD, for the use of and benefit of BOARD OF TRUSTEES OF WILLIAM RAINEY HARPER COLLEGE NO. 512,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 08 CV 0029<br><br>Judge Andersen<br>Magistrate Judge Keys |

## DEFENDANT, ARCHITECTURAL SEALANTS, INC.'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF

NOW COMES the Defendant, ARCHITECTURAL SEALANTS, INC., by and through its attorneys, BRENNER, FORD, MONROE & SCOTT, LTD., and in answer to the complaint for Declaratory Relief filed by MILWAUKEE MUTUAL INSURANCE COMPANY, states as follows:

### PARTIES

1. ARCHITECTURAL SEALANTS, INC. makes no answer to the allegations contained in paragraph 1 as they are not directed against this defendant.

2. ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 2.

3. ARCHITECTURAL SEALANTS, INC. makes no answer to the allegations contained in paragraph 3 as they are not directed to this defendant.

4. ARCHITECTURAL SEALANTS, INC. makes no answer to the allegations contained in paragraph 4 as they are not directed to this defendant.

## JURISDICTION AND VENUE

5. This defendant the allegations contained in paragraph 5.

6. This defendant makes no answer to the allegations contained in paragraph 6 as they are allegations of law.

7. This defendant makes no answer to the allegations contained in paragraph 7 as they are allegations of law.

8. This defendant admits the allegations contained in paragraph 8.

## FACTUAL BACKGROUND

9. ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 9.

10. ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 10.

11. ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 11.

12. ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 12

13. ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 13.

14. Upon information and belief, ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 14.

15. ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 15.

16. ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 16.

17. ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 17.

18. ARCHITECTURAL SEALANTS, INC admits the allegations contained in paragraph 18.

19. ARCHITECTURAL SEALANTS, INC. states only that the third party complaint speaks for itself.

20. This defendant makes no answer to the allegations contained in paragraph 20 as they are not directed against it.

21. This defendant makes no answer to the allegations contained in paragraph 21 as they are not directed against it.

22. ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 22.

23. ARCHITECTURAL SEALANTS, INC. admits the allegations contained in paragraph 23.

## COUNT I
### (ASI – No Property Damage/No Occurrence)

24. ARCHITECTURAL SEALANTS, INC. restates its answers to paragraphs 1 through 23 as its answers to paragraph 24 as though set fully forth herein.

25. ARCHITECTURAL SEALANTS, INC. states only that the policy speaks for itself.

26. ARCHITECTURAL SEALANTS, INC. denies the allegation contained in paragraph 26.

## COUNT I
### (ASI – Coverage Exclusion)

27. ARCHITECTURAL SEALANTS, INC. restates its answers to paragraphs 1 through 25 as its answer to paragraph 27 as though set forth fully herein.

28. ARCHITECTURAL SEALANTS, INC. states that the underlying complaint speaks for itself.

29. ARCHITECTURAL SEALANTS, INC. denies each and every allegation contained in paragraph 29.

## COUNT III
### (ASI – Coverage Exclusion)

30. ARCHITECTURAL SEALANTS, INC. restates its answers in paragraphs 1 through 23 as its answers to paragraph 30 as though set fully herein.

31. ARCHITECTURAL SEALANTS, INC. states only that the insurance policy speaks for itself.

32. ARCHITECTURAL SEALANTS, INC. denies the allegations contained in paragraph 32.

33. ARCHITECTURAL SEALANTS, INC. states that the insurance policy speaks for itself.

34. ARCHITECTURAL SEALANTS, INC. denies the allegations contained in paragraph 34.

35. ARCHITECTURAL SEALANTS, INC. states that the insurance policy speaks for itself.

36. ARCHITECTURAL SEALANTS, INC. denies the allegations contained in paragraph 36.

## COUNT IV
### (ASI – Late Notice)

37. ARCHITECTURAL SEALANTS, INC. restates its answers to paragraphs 1 through 23 as its answer to paragraph 37 of Count IV.

38. ARCHITECTURAL SEALANTS, INC., states only that the insurance policy speaks for itself.

39. ARCHITECTURAL SEALANTS, INC. denies each and every allegation contained in paragraph 39.

## COUNT V
### (Paschen – No Property Damage/No Occurrence)

ARCHITECTURAL SEALANTS, INC. makes no answer to the allegations contained in Count V as they are not directed against this defendant. Should any allegations be construed against this defendant, Defendant denies the same.

## COUNT VI
### (Paschen – Policies Not Triggered)

ARCHITECTURAL SEALANTS, INC. makes no answer to the allegations contained in Count VI as they are not directed against this defendant. Should any allegations be construed against this defendant, Defendant denies the same.

## COUNT VII
### (Paschen – Coverage Exclusions)

ARCHITECTURAL SEALANTS, INC. makes no answer to the allegations contained in Count VII as they are not directed against this defendant. Should any allegations be construed against this defendant, Defendant denies the same.

## COUNT VIII
### (Paschen – Policies Not Triggered)

ARCHITECTURAL SEALANTS, INC. makes no answer to the allegations contained in Count VIII as they are not directed against this defendant. Should any allegations be construed against this defendant, Defendant denies the same.

WHEREFORE, Defendant, ARCHITECTURAL SEALANTS, INC. denies that the plaintiff is entitled to judgment in any sum whatsoever, and respectfully requests this court to dismiss this cause of action with prejudice and with costs.

Respectfully submitted,

BRENNER, FORD, MONROE & SCOTT, LTD.

By: /s/Amy L. Anderson

BRENNER, FORD, MONROE & SCOTT, LTD.
33 North Dearborn Street, Suite 300
Chicago, Illinois 60602
(312)781-1970