IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| MILWAUKEE MUTUAL INSURANCE, COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No : 08 C 00029 ) |
| ARCHITECTURAL SEALANTS, INC., F.H. PASCHEN, S.N. NIELSEN, INC, BOARD OF TRUSTEES OF WILLIAM RAINEY HARPER COLLEGE NO 512, and ILLINOIS CAPITAL DEVELOPMENT BOARD | ) Hon. Judge Wayne R. Anderson ) ) Magistrate Judge Keys ) ) ) ) |
| Defendants. | ) ) |

## MILWAUKEE MUTUAL INSURANCE COMPANY'S
## REPLY TO COUNTERCLAIM FOR DECLARATORY JUDGMENT

Plaintiff, MILWAUKEE MUTUAL INSURANCE COMPANY, n/k/a Milwaukee Insurance Company ("Milwaukee"), by its undersigned attorneys, Novak Law Offices, provides the following Answer to the Counterclaim of Counter-Plaintiff F.H. PASCHEN, S.N. NIELSEN, INC ("Paschen").

1.   F.H. Paschen, S.N. Nielsen, Inc. (hereinafter "Paschen") is an Illinois corporation

**ANSWER:** Milwaukee admits the allegations of Paragraph 1 of the Counterclaim.

2   Upon information and belief, Milwaukee Mutual Insurance Company, n/k/a Milwaukee Insurance Company ("Milwaukee") is a Wisconsin corporation with its principal place of business in Brookfield, Wisconsin.

**ANSWER:** Milwaukee admits the allegations of Paragraph 2 of the Counterclaim.

3.   Upon information and belief, Architectural Sealants Inc. ("ASI") is an Illinois corporation with its principal place of business in Monee, Illinois.

**ANSWER:** Milwaukee admits the allegations of Paragraph 3 of the Counterclaim

4.   Board of Trustees of William Rainey Harper College No. 512 ("Harper") and Illinois Capital Development Board (hereinafter "CDB") are the plaintiffs in a certain pending action against Paschen, which will be more fully described later herein (collectively the "Underlying Plaintiffs").

**ANSWER:** Milwaukee admits the allegations of Paragraph 4 of the Counterclaim.

5. Paschen entered into a contract with CDB to perform certain delineated construction work, CDB Project No. 810-032-016, FHP Contract No. 50-0735-81 ("the Harper Project").

**ANSWER:** Milwaukee admits that the Illinois Capital Development Board entered into a contract with Paschen under which Paschen would serve as the general contractor for a project at Harper College and further states that the written contract between those parties is the best evidence of its terms. Milwaukee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 5 of the Counterclaim.

6. ASI entered into a subcontract with Paschen to perform certain construction work on the Harper Project.

**ANSWER:** Milwaukee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 of the Counterclaim.

7. ASI, without ambiguity, agreed in its subcontract with Paschen to indemnify and hold Paschen harmless from any and all claims made against Paschen arising from the work provided by ASI for the Harper Project.

**ANSWER:** The allegations of Paragraph 7 of the Counterclaim constitute legal conclusions rather than factual matter requiring a specific admission or denial. To the extent a further response is required, Milwaukee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Counterclaim.

8. On information and belief and due to its contractual obligations to Paschen, ASI contracted with Milwaukee (and other such insurance companies) to issue policy/policies to satisfy the terms of the subcontract, namely to indemnify and hold Paschen harmless from any and all claims made against Paschen arising from the work provided by ASI for the Harper Project.

**ANSWER:** Milwaukee admits that it issued a policy of insurance to ASI. Milwaukee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8 of the Counterclaim.

9. Furthermore, as part of ASI's duties under its subcontract with Paschen, Paschen was to enjoy "additional named insurance status" under the language of ASI's insurance policy/policies which further contain coverage insuring ASI's indemnity obligations.

2

**ANSWER:** The allegations of Paragraph 9 of the Counterclaim constitute legal conclusions rather than factual matter requiring a specific admission or denial. To the extent a further response is required, Milwaukee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Counterclaim.

10. On June 5, 2006, Defendants Board of Trustees of William Rainey Harper College No. 512 ("Harper") and Illinois Capital Development Board ("CDB") filed a complaint against Paschen and Burnidge, Cassell and Associates, Inc. ("Underlying Litigation").

**ANSWER:** Milwaukee admits the allegations of Paragraph 10 of the Counterclaim.

11. The Complaint filed by Harper and CDB in the Underlying Litigation contained only vague allegations relating to allegedly defectively constructed/designed portions of the Wojik Conference Center and the Performing Arts Center Project at Harper College. See Exhibit G of Milwaukee's Complaint.

**ANSWER:** Milwaukee admits that Exhibit G to its Complaint is a true and correct copy of the Complaint against Paschen in the Underlying Litigation and further states that the allegations therein speak for themselves. Milwaukee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the allegations in Paragraph 11 of the Counterclaim.

12. Paschen is an additional insured on the Milwaukee policies issued to ASI pursuant to an additional insured endorsement, attached to Milwaukee's Complaint as Exhibits A through E.

**ANSWER:** Milwaukee admits that Paschen qualifies as an additional insured under the policy Milwaukee issued to ASI to the extent all terms and conditions for coverage thereunder are met. Based on the facts currently known to it, Milwaukee denies that Paschen is entitled to coverage as an additional insured for any liability imposed upon it arising out of the Project.

13. ASI, and its insurers, owe both a defense and indemnity for loss to Paschen.

**ANSWER:** Milwaukee denies the allegations of Paragraph 13 of the Counterclaim to the extent such allegations are directed against it.

14. Paschen tendered its defense to certain subcontractors who performed construction work on the Harper Project, including ASI, on May 14, 2007. See May 14, 2007 tender, a copy of which is attached hereto as Exhibit A.

3

**ANSWER:** Milwaukee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Counterclaim.

15. In its May 2007 letter, Paschen advised ASI to "notify your insurance carrier that a potential liability exists." See Ex. A, p. 2, ¶4.

**ANSWER:** Milwaukee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Counterclaim.

16. On August 7, 2007, Paschen filed its First Amended Third Party Complaint, naming ASI as one of the third-party defendants in the Underlying Litigation ("Underlying Third-Party Action"). See Exhibit H of the Milwaukee Complaint.

**ANSWER:** Milwaukee admits the allegations of Paragraph 16 of the Counterclaim.

17. On September 12, 2007, Paschen, in response to a letter from the Underlying Plaintiffs dated August 24, 2007, sent another letter to ASI and Thilman & Filippini, LLC, agent of Milwaukee, to again tender Paschen's defense and again advised ASI and Thilman & Filippini, LLC, to notify its insurers of the Harper Complaint, the Third-Party Complaint and ASI's contractual duty to indemnify Paschen. See September 12, 2007 letter attached hereto as Exhibit B.

**ANSWER:** Milwaukee admits that Paschen sent a letter in the form appearing as Exhibit B to the Counterclaim to Thilman & Filippini, LLC on or about September 12, 2007. Milwaukee lacks knowledge or information sufficient to determine the truth or falsity of the balance of the allegations of Paragraph 17 of the Counterclaim.

18. Paschen stated in its September 12, 2007 letter that it "was named as an additional insured under certain policies provided by ASI, including, without limitation, policies issued by Milwaukee Mutual Insurance Co., Illinois National Insurance Co., U.S. Specialty Insurance Co., Muirfield, and Virginia Surety Company, Inc." See Ex. B, p. 1, ¶2.

**ANSWER:** Milwaukee admits that Paschen sent a letter in the form attached as Exhibit B to its Counterclaim. Milwaukee denies that Paschen has accurately quoted from that letter and further denies that Paschen qualifies for coverage under the policy Milwaukee issued to ASI.

19. On or around December 28, 2007, Paschen received from Milwaukee a declination of coverage letter.

4

**ANSWER:** Milwaukee admits that it sent a letter to Paschen on or about December 28, 2007 denying coverage for the Underlying Litigation. Milwaukee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the allegations of Paragraph 19 of the Counterclaim

20. Milwaukee has a duty and obligation to defend and indemnify Paschen in the Underlying Litigation.

**ANSWER:** Milwaukee denies the allegations of Paragraph 20 of the Counterclaim

21. Upon information and belief, Milwaukee denies it has a duty or obligation to defend or indemnify Paschen in the Underlying Litigation.

**ANSWER:** Milwaukee admits the allegations of Paragraph 21 of the Counterclaim

22. Paschen is entitled to a judicial determination concerning the scope and nature of its rights under the policies at issue herein and those of all other parties to this action with respect to the Underlying Litigation and underlying third-party action

**ANSWER:** The allegations of Paragraph 22 of the Counterclaim constitute legal conclusions rather than factual assertions capable of being admitted or denied. To the extent a further response is required, Milwaukee states that the only judicial determination warranted on the facts of record and applicable law is a finding that Milwaukee has no duty to defend or indemnify ASI or Paschen with respect to the allegations in the Underlying Litigation.

                MILWAUKEE MUTUAL INSURANCE COMPANY
                n/k/a MILWAUKEE INSURANCE COMPANY

        By:        /s/ Neal R. Novak
                      One of its Attorneys

**NOVAK LAW OFFICES**
Neal R. Novak, Esq. (#06181620)
Matthew R. Wildermuth (#06202106)
Renata Biernat (#06285752)
33 N. LaSalle Street, Suite 1900
Chicago, Illinois 60602
(312) 425-2500 Telephone
(312) 425-2525 Facsimile

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2008, I electronically filed Milwaukee Mutual Insurance Company's Reply to Counterclaim for Declaratory Judgment with the Clerk of the Court using the ECF system, which will send notification of such filings to the following:

| | | |
|---|---|---|
| Amy L. Anderson, Esq. | Ellen B. Epstein, Esq. | Samuel B. Cavnar, Esq. |
| Brenner, Ford, Monroe & Scott, Ltd. | Christopher J. Hales, Esq. | Kenneth M. Florey, Esq. |
| 33 N. Dearborn St., Suite 300 | Burke Burns & Pinelli, Ltd. | Robbins Schwartz Nicholas |
| Chicago, IL 60602 | 70 W. Madison St., Suite 4300 | Lifton & Taylor, Ltd. |
| | Chicago, IL 60602 | 20 N. Clark St., Suite 900 |
| | | Chicago, IL 60602 |

By: _____/s/ Neal R. Novak_____

**NOVAK LAW OFFICES**
Neal R. Novak, Esq. (#06181620)
Matthew R. Wildermuth (#06202106)
Renata Biernat (#06285752)
33 N. LaSalle Street, Suite 1900
Chicago, Illinois 60602
(312) 425-2500 Telephone
(312) 425-2525 Facsimile