IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MILWAUKEE MUTUAL INSURANCE COMPANY, n/k/a MILWAUKEE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ARCHITECTUAL SEALANTS, INC., F.H. PASCHEN, S.N. NIELSEN, INC. and BOARD OF TRUSTEES OF WILLIAM RAINEY HARPER COLLEGE NO. 512, and ILLINOIS CAPITAL DEVELOPMENT BOARD, for the use and benefit of BOARD OF TRUSTEES OF WILLIAM RAINEY HARPER COLLEGE NO. 512, <br><br> Defendants. | CASE NO. 08 C 0029 <br> Hon. Wayne R. Andersen |

## ANSWER AND AFFIRMATIVE DEFENSE TO COMPLAINT

NOW COMES Defendant, William Rainey Harper College No. 512 ("Harper"), by and through its attorneys, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., and for its Answer and Affirmative Defense to Plaintiff's Complaint, states as follows:

## PARTIES

1.    Milwaukee Mutual Insurance Company, n/k/a Milwaukee Insurance Company (Milwaukee"), is a wholly owned subsidiary of Mutual Insurers Holding Company of Brookfield, Wisconsin, a mutual holding company organized under the laws of the State of Wisconsin with its principal executive offices and place of business in Brookfield, Wisconsin.

1

**ANSWER:**    Harper lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and thus denies them.

2.    Architectural Sealants, Inc. ("ASI") is an Illinois corporation with its principal place of business in Monee, Illinois.

**ANSWER:**    Harper lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and thus denies it.

3.    F.H. Paschen, S.N. Nielsen, Inc. ("Paschen") is an Illinois corporation with its principal place of business in Chicago, Illinois.

**ANSWER:**    Harper admits upon information and belief that Paschen is an Illinois corporation.  Harper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and thus denies them.

4.    Board of Trustees of William Rainey Harper College No. 512, and Illinois Capital Development Board, for the use and benefit of Board of Trustees of William Rainey Harper College No. 512 ("Underlying Plaintiffs") are plaintiffs in an action styled *Board of Trustees of William Rainey Harper College No. 512, and Illinois Capital Development Board, for the use and benefit of Board of Trustees of William Rainey Harper College No. 512 v. Burnidge, Cassell and Associates, Inc. and F.H. Paschen, S.N. Nielsen, Inc.*, No. 06 L 005812 pending in the Circuit Court of Cook County, Illinois and are nominal but necessary parties to this declaratory judgment action.  They have been joined herein solely to be bound by the judgment to be rendered in this cause and no specific relief is sought against them.  In the event that Underlying Plaintiffs stipulate and agree to be bound by the judgment entered in this cause, then Milwaukee will voluntarily dismiss them from this action.  Milwaukee alleges on information and belief that the

Underlying Plaintiffs are entities organized and existing under the laws of Illinois with their principal places of business in Palatine, Illinois and Springfield, Illinois respectively.

**ANSWER:** Harper states that it is a body politic and corporate, organized and existing under the Public Community College Act, 110 ILCS 805/1-1, *et seq.* Harper states that the Capital Development Board ("CDB") is an agency of the State of Illinois, organized and existing under the Capital Development Board Act, 20 ILCS 3105/1, *et seq.* Harper admits that it and the CDB are Plaintiffs in Cook County Circuit Court Case No. 06 L 5812. Harper lacks knowledge or information sufficient to form a belief as to Plaintiff's intent in joining Harper as a party to this action. Harper acknowledges Milwaukee's offer to voluntarily dismiss Harper from this action upon Harper's stipulation to be bound by the judgment entered, but nonetheless chooses to exercise its right to respond to this Complaint in accordance with the Federal Rules of Civil Procedure. The allegation that Harper is a "nominal but necessary party" to this action is a legal conclusion to which no answer is required.

### JURISDICTION AND VENUE

5.    Jurisdiction in this matter is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds the sum of $75,000 exclusive of interests and costs as the claim involves a defense tender and request for indemnity in a case in which total damages are alleged to be over $2,280,000.

**ANSWER:** The allegations in this Paragraph contain legal conclusions to which no answer is required. To the extent these allegations do not contain legal conclusions, Harper admits that the damages at issue in Cook County Circuit Court Case

No. 06 L 5812 are alleged to exceed $75,000.  Harper lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph, and thus denies them.

6.    Milwaukee brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201, *et seq*.

**ANSWER:**    Harper lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and thus denies it.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1).

**ANSWER:**    This allegation is a legal conclusion to which no answer is required.

8.    By reasons of the allegations set forth below, a real, immediate and justiciable controversy exists between Milwaukee, ASI and Paschen and will continue to exist between the parties until such time as it is resolved by this Court.

**ANSWER:**    This allegation is a legal conclusion to which no answer is required.

## FACTUAL BACKGROUND

9.    Milwaukee issued Policy No. CPP30776540182 to Architectural Sealants, Inc. for the period October 17, 1999 until cancelled with limits of $1,000,000 per occurrence and $2,000,000 in the aggregate.  A true and correct copy of the 1999 Primary Policy is attached hereto as Exhibit A.

**ANSWER:**    The attached document speaks for itself.  Harper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and thus denies them.

10.    Milwaukee issued Umbrella Policy No. UO 30776540082 to Architectural Sealants, Inc. for the period October 17, 1999 until cancelled with an aggregate limit of $5,000,000 and a self-insured retention of $10,000.  A true and correct copy of the 1999 Umbrella Policy is attached hereto as Exhibit B.

**ANSWER:**    The attached document speaks for itself.  Harper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and thus denies them.

11.    Milwaukee issued Policy No. CPP30811530082 to ASI for the period October 17, 2000 until cancelled with limits of $1,000,000 per occurrence and $2,000,000 in the aggregate.  A true and correct copy of the 2000 Primary Policy is attached hereto as Exhibit C.

**ANSWER:**    The attached document speaks for itself.  Harper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and thus denies them.

12.    Milwaukee issued Policy No. CPP30811530182 to ASI for the period October 17, 2001 until cancelled with limits of $1,000,000 in the occurrence and $2,000,000 in the aggregate.  A true and correct copy of the Primary Policy is attached hereto as Exhibit D.

**ANSWER:**    The attached document speaks for itself.  Harper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and thus denies them.

13.    Milwaukee issued Policy No. CPP 30811530282 to ASI for the period October 17, 2002 until cancelled with limits of $1,000,000 per occurrence and

$2,000,000 in the aggregate.  A true and correct copy of the 2001 Primary Policy is attached hereto as Exhibit E.

**ANSWER:**    The attached document speaks for itself.  Harper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and thus denies them.

14.    Upon information and belief, Illinois Capital Development Board entered into a contract with Paschen providing that Paschen would be the general contractor for a project at the Performing Arts Center and the Conference Center at Harper College.

**ANSWER:**    Admitted.

15.    Upon information and belief, ASI entered into a subcontract ("Subcontract") with Paschen on June 21, 2000.  Pursuant to the Subcontract, ASI was to perform the following tasks at the Performing Arts Center and at the Conference Center at Harper College: bentonite waterproofing was to be applied to the concrete foundation walls and concrete slabs; joint sealants were to be applied to exterior stoops and driveways, slab on grade control joints, interior and exterior masonry expansion joints, interior and exterior precast joints, masonry/precast joints, masonry/precast to existing building joints, interior and exterior hollow metal doors, interior slab edge to masonry and precast walls, interior masonry walls to precast wall panels, and stair stringers.  A true and correct copy of the Subcontract is attached hereto as Exhibit F.

**ANSWER:**    The attached document speaks for itself.  Harper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and thus denies them.

16.     On June 5, 2006, the Illinois Capital Development Board filed a complaint styled, *Board of Trustees of William Rainey Harper College No. 512, and Illinois Capital Development Board, for the use and benefit of Board of Trustees of William Rainey Harper College No. 512 v. Burnidge, Cassell and Associates, Inc., and F.H. Paschen, S.N. Nielsen, Inc.* ("the Underlying Lawsuit").  A true and correct copy of the Underlying Lawsuit is attached hereto as Exhibit G.

**ANSWER:**     Harper admits that it and the CDB filed the Underlying Lawsuit on June 5, 2006, and that a true and correct copy of the Complaint in the Underlying Lawsuit is attached (without exhibits) to the Complaint in this action as Exhibit G.

17.     In the Underlying Lawsuit, the Underlying Plaintiffs allege that Paschen breached its express and implied contractual obligations which caused damage including, but not limited to, recessed floor slabs in the auditorium that allowed water intrusion and caused rusting of bolts near a wheelchair lift, improper construction of masonry walls leading to cracking and water infiltration, and leakage of the conference center curtain walls and the dining room roof.

**ANSWER:**     Admitted.

18.     On August 7, 2007, Paschen filed a Third-Party Complaint against a number of parties including ASI.  A true and correct copy of the Third Party Complaint is attached hereto as Exhibit H.

**ANSWER:**     Harper admits that on August 7, 2007, Paschen filed its First Amended Third Party Complaint, and that a true and correct copy of a portion of that pleading, without exhibits, is attached to the Complaint in this action as Exhibit H.

19.    In the Third Party Complaint, Paschen alleges that ASI breached the subcontract by failing to perform its work in a workmanlike manner, free from defects, and/or in conformity with the Subcontract and other project documents.  Paschen seeks indemnification from ASI and other relief.

**ANSWER:**    The allegations in Paschen's First Amended Third Party Complaint speak for themselves.

20.    By letter dated September 12, 2007, Paschen, through its counsel, tendered its defense of the Underlying Lawsuit to ASI and ASI's insurance carriers, including Milwaukee.  A true and correct copy of Paschen's tender letter is attached hereto as Exhibit I.

**ANSWER:**    The attached document speaks for itself.  Harper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and thus denies them.

21.    By letter dated December 28, 2007 Milwaukee denied Paschen's tender on the following grounds:

a.    there are no allegations in the Underlying Lawsuit constituting "property damage" or "occurrence" as those terms are defined;

b.    even if there was "property damage" caused by an "occurrence," it is unclear that the damage occurred during the relevant policy periods;

c.    coverage is precluded based on Exclusions j(5), j(6), l, and/or m; and

d.    coverage is barred for failure to give proper notice.

A true and correct copy of the denial letter to Paschen is attached hereto as Exhibit J.

**ANSWER:**    The attached document speaks for itself.  Harper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and thus denies them.

22.    By letter received December 6, 2007, ASI tendered its defense of the Third Party Complaint to Milwaukee.  A true and correct copy of ASI's tender letter is attached hereto as Exhibit K.

**ANSWER:**    The attached document speaks for itself.  Harper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and thus denies them.

23.    By letter dated December 28, 2007 Milwaukee denied ASI's tender on the following grounds:

    a.    there are no allegations in the Underlying Lawsuit constituting "property damage" or "occurrence" as those terms are defined;

    b.    even if there was "property damage" caused by an "occurrence," it is unclear that the damage occurred during the relevant policy periods;

    c.    coverage is precluded based on Exclusions j(5), j(6), l, and/or m; and

    d.    coverage is barred for failure to give proper notice.

A true and correct copy of the denial letter to ASI is attached hereto as Exhibit L.

**ANSWER:**    The attached document speaks for itself.  Harper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and thus denies them.

### COUNT I
### (ASI -- No Property Damage/No Occurrence)

24.    Milwaukee realleges and reiterates each and every allegation contained in Paragraphs 1 through 23 as though they were fully set forth herein.

**ANSWER:**   Harper incorporates by reference its answers to Paragraphs 1 through 23 as if fully set forth herein.

25.     The Insuring Agreements of the Policies provide:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of … "property damage" to which this insurance applies…
>
> * * *
>
> This insurance applies to…"property damage" only if:
>
> (1)     The … "property damage" is caused by an "occurrence"…; and
>
> (2)     The … "property damage" occurs during the policy period.

"Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  "Property damage" is defined as:

> a.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b.     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the occurrence that caused it.

**ANSWER:**   Harper states that the referenced document speaks for itself.

26.     The Complaint does not allege "property damage" caused by an "occurrence" in that repair and replacement costs constitute economic loss, not "property damage" and construction defects do not constitute an accident or "occurrence."  Thus, Milwaukee has not duty to defend ASI under the Policies.

**ANSWER:**    This allegation is a legal conclusion to which no answer is required.  To the extent this allegation is not a legal conclusion, the claims asserted in the Underlying Lawsuit speak for themselves.

WHEREFORE, Defendant, William Rainey Harper College No. 512 respectfully requests that this Court dismiss Count I with prejudice and award Harper any other legal and/or equitable relief to which it is entitled.

## COUNT II
### (ASI – Policies Not Triggered)

27.    Milwaukee realleges and reiterates each and every allegation contained in Paragraphs 1 through 25 as though they were fully set forth herein.

**ANSWER:**    Harper incorporates by reference its answers to Paragraphs 1 through 25 as if fully set forth herein.

28.    The Underlying Lawsuit does not identify the date(s) when the "property damage" allegedly occurred.

**ANSWER:**    Denied.

29.    Since there are no allegations that "property damage" occurred during the policy periods, the Policies are not triggered and there is no coverage available to ASI thereunder.

**ANSWER:**    This allegation is a legal conclusion to which no answer is required.  To the extent this allegation is not a legal conclusion, the Complaint in the Underlying Lawsuit speaks for itself.

WHEREFORE, Defendant, William Rainey Harper College No. 512 respectfully requests that this Court dismiss Count II with prejudice and award Harper any other legal and/or equitable relief to which it is entitled.

## COUNT III
### (ASI – Coverage Exclusions)

30.     Milwaukee realleges and reiterates each and every allegation contained in Pargraphs 1 through 23 as though they were fully set forth herein.

**ANSWER:**    Harper incorporates by reference its answers to Paragraphs 1 through 23 as if fully set forth herein.

31.     Section I of the Policies at Exclusions, paragraph j, excludes coverage for "Damage to Property" as follows:

> (5)     that particular part of real property on which you …
> are performing operations, if the "property damage"
> arises out of those operations; or

> (6)     [t]hat particular part of any property that must be
> restored, repaired or replaced because "your work"
> was incorrectly performed on it.

**ANSWER:**    This allegation is a legal conclusion to which no answer is required.  To the extent this allegation is not a legal conclusion, the referenced document speaks for itself.

32.     If the Policies are triggered, coverage is excluded pursuant to Paragraphs j(5) and j(6).

**ANSWER:**    This allegation is a legal conclusion to which no answer is required.

33.    Section I of the Policies at Exclusions, paragraph l, excludes coverage for "Damage to Your Work" as follows:

> "Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard". This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**ANSWER:**    This allegation is a legal conclusion to which no answer is required. To the extent this allegation is not a legal conclusion, the referenced document speaks for itself.

34.    If the Policies are triggered, to the extent that the alleged "property damage" occurred after ASI completed its work, there is no coverage available to ASI under the Policies pursuant to Paragraph 1.

**ANSWER:**    This allegation is a legal conclusion to which no answer is required. To the extent this allegation is not a legal conclusion, the referenced document speaks for itself.

35.    Section I of the Policies at Exclusions, paragraph m, excludes coverage for "Damage to Impaired Property or Property not Physically Injured" as follows:

> "property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"….

"Impaired property" is defined as "tangible property, other than 'your product' or 'your work' that is known or thought to be defective, deficient … if such property can be

restored to use by: a. the repair, replacement, adjustment or removal of 'your product' or 'your work'…."

**ANSWER:** This allegation is a legal conclusion to which no answer is required. To the extent this allegation is not a legal conclusion, the referenced document speaks for itself.

36.    If the Policies are triggered, coverage is excluded pursuant to Paragraph m.

**ANSWER:** This allegation is a legal conclusion to which no answer is required.

WHEREFORE, Defendant, William Rainey Harper College No. 512 respectfully requests that this Court dismiss Count III with prejudice and award Harper any other legal and/or equitable relief to which it is entitled.

**Count IV**
**(ASI – Late Notice)**

37.    Milwaukee realleges and reiterates each and every allegation contained in Paragraphs 1 through 23 as though they were fully set forth herein.

**ANSWER:** Harper incorporates by reference its answers to Paragraphs 1 through 23 as if fully set forth herein.

38.    Condition 2 of the Policies provides that "you" must notify Milwaukee as soon as practicable of (1) an "occurrence" that may result in a claim; (2) a claim that has been made; or (3) "suit" that has been brought against any insured. Condition 2(c) requires all insureds to "immediately send copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit'."

**ANSWER:**   This allegation is a legal conclusion to which no answer is required.  To the extent this allegation is not a legal conclusion, the referenced document speaks for itself.

39.    Milwaukee was not notified of the occurrence or the Underlying Lawsuit until more than one year after litigation had commenced on June 5, 2006 and nearly 2 months after the filing of the Third Party Complaint.  Thus, coverage is barred based on Condition 2.

**ANSWER:**   These allegations contain legal conclusions to which no answer is required.  To the extent these allegations do not contain legal conclusions, Harper lacks knowledge or information sufficient to form a belief as to their truth, and thus denies them.

WHEREFORE, Defendant, William Rainey Harper College No. 512 respectfully requests that this Court dismiss Count IV with prejudice and award Harper any other legal and/or equitable relief to which it is entitled.

**COUNT V**
**(Paschen – No Property Damage/No Occurrence)**

40.    Milwaukee realleges and reiterates each and every allegation contained in Paragraphs 1 through 23 as though they were fully set forth herein.

**ANSWER:**   Harper incorporates by reference its answers to Paragraphs 1 through 23 as if fully set forth herein.

41.    The Insuring Agreements of the Policies provide:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of … "property damage" to which this insurance applies …

* * *

15

This insurance applies to … "property damage" only if:

    (1)    The … "property damage" is caused by an "occurrence" …; and

    (3)    The … "property damage" occurs during the policy period.

'Occurrence' is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  "Property damage" is defined as:

    a.    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the occurrence that caused it.

    **ANSWER:**    Harper states that the referenced document speaks for itself.

42.    The Complaint does not allege "property damage" caused by an "occurrence" in that repair and replacement costs constitute economic loss, not "property damage" and construction defects do not constitute an accident or "occurrence."  Thus, Milwaukee has no duty to defend Paschen under the Policies.

    **ANSWER:**    This allegation is a legal conclusion to which no answer is required.  To the extent this allegation is not a legal conclusion, the Underlying Lawsuit speaks for itself.

    WHEREFORE, Defendant, William Rainey Harper College No. 512 respectfully requests that this Court dismiss Count V with prejudice and award Harper any other legal and/or equitable relief to which it is entitled.

## COUNT VI
### (Paschen – Policies Not Triggered)

43.    Milwaukee realleges and reiterates each and every allegation contained in Paragraphs 1 through 23 and 41 as though they were fully set forth herein.

**ANSWER:**    Harper incorporates by reference its answers to Paragraphs 1 through 23 and 41 as if fully set forth herein.

44.    The Underlying Lawsuit does not identify the date(s) when the "property damage" allegedly occurred.

**ANSWER:**    Denied.

45.    Since there are no allegations that "property damage" occurred during the policy periods, the Policies are not triggered and there is no coverage available to Paschen thereunder.

**ANSWER:**    This allegation is a legal conclusion to which no answer is required.

WHEREFORE, Defendant, William Rainey Harper College No. 512 respectfully requests that this Court dismiss Count VI with prejudice and award Harper any other legal and/or equitable relief to which it is entitled.

## COUNT VII
### (Paschen – Coverage Exclusions)

46.    Milwaukee realleges and reiterates each and every allegation contained in Paragraphs 1 through 23 as though they were fully set forth herein.

**ANSWER:**    Harper incorporates by reference its answers to Paragraphs 1 through 23 as if fully set forth herein.

47.    Section I of the Policies at Exclusions, paragraph j, excludes coverage for "Damage to Property" as follows:

> (5)    that particular part of real property on which you …
> are performing operations, if the "property damage"
> arises out of those operations; or

> (6)    [t]hat particular part of any property that must be
> restored, repaired or replaced because "your work"
> was incorrectly performed on it.

48.    If the Policies are triggered, coverage is excluded pursuant to Paragraphs j(5) and j(6).

**ANSWER:**    This allegation is a legal conclusion to which no answer is required.  To the extent this allegation is not a legal conclusion, the referenced document speaks for itself.

49.    Section I of the Policies at Exclusions, paragraph 1, excludes coverage for "Damage to Your Work" as follows:

> "Property damage" to "your work" arising out of it or any
> part of it and included in the "products completed
> operations hazard".  This exclusion does not apply if the
> damaged work or the work out of which the damage arises
> was performed on your behalf by a subcontractor.

**ANSWER:**    This allegation contains a legal conclusion to which no answer is required.  To the extent this allegation does not contain a legal conclusion, the referenced document speaks for itself.

50.    If the Policies are triggered, to the extent that the alleged "property damage" occurred after ASI completed its work, there is no coverage available to Paschen under the Policies pursuant to Paragraph 1.

**ANSWER:**    This allegation is a legal conclusion to which no answer is required.

51.    Section I of the Policies at Exclusions, paragraph m, excludes coverage for "Damage to Impaired Property or Property not Physically Injured" as follows:

> "property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" ….

"Impaired property" is defined as "tangible property, other than 'your product' or 'your work' that is known or thought to be defective, deficient … if such property can be restored to use by: a. the repair, replacement, adjustment or renewal of 'your product' or 'your work'….."

**ANSWER:**    This allegation contains a legal conclusion to which no answer is required.  To the extent this allegation does not contain a legal conclusion, the referenced document speaks for itself.

52.    If the Policies are triggered, coverage is excluded pursuant to Paragraph m.

**ANSWER:**    This allegation contains a legal conclusion to which no answer is required.

WHEREFORE, Defendant, William Rainey Harper College No. 512 respectfully requests that this Court dismiss Count VII with prejudice and award Harper any other legal and/or equitable relief to which it is entitled.

**COUNT VIII**
**(Paschen – Late Notice)**

53.    Milwaukee realleges and reiterates each and every allegation contained in Paragraphs 1 through 23 as though they were fully set forth herein.

**ANSWER:**    Harper incorporates by reference its answers to Paragraphs 1 through 23 as if fully set forth herein.

54.    Condition 2 of the Policies provides that "you" must notify Milwaukee as soon as practicable of (1) an "occurrence" that may result in a claim; (2) a claim that has been made; or (3) "suit" that has been brought against any insured.    Condition 2(c) requires all insureds "immediately send copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit'."

**ANSWER:**    This allegation contains a legal conclusion to which no answer is required.    To the extent this allegation does not contain a legal conclusion, the referenced document speaks for itself.

55.    Milwaukee was not notified of the occurrence or the Underlying Lawsuit and did not receive copies of any notices, summonses or legal papers until more than one year after litigation had commenced and after settlement negotiations had taken place. Thus, coverage is barred based on Condition 2.

**ANSWER:**    This allegation contains a legal conclusion to which no answer is required.    To the extent this allegation does not contain a legal conclusion, Harper lacks knowledge or information sufficient to form a belief as to its truth, and thus denies it.

WHEREFORE, Defendant, William Rainey Harper College No. 512 respectfully requests that this Court dismiss Count VIII with prejudice and award Harper any other legal and/or equitable relief to which it is entitled.

**AFFIRMATIVE DEFENSE**

1.      Harper and the CDB commenced the Underlying Litigation (Cook County Circuit Court Case No. 06 L 5812) to recover money damages associated with various defective elements of the Wojcik Conference Center and Performing Arts Center.

2.      The defective items identified in the Underlying Litigation include, *inter alia*, defective exterior masonry walls, defective roofing membranes, and a defective exterior metal curtain wall system.

3.      As a result of water infiltration through these masonry walls, roofing membranes, and the metal curtain wall system, interior water damage has resulted.

4.      This interior water damage includes, but is not limited to, damage to property including ceiling tiles and carpeting.

WHEREFORE, Defendant, William Rainey Harper College No. 512 respectfully requests that this Court enter judgment in favor of Harper against Plaintiff, and award Harper any other legal and/or equitable relief to which it is entitled.

Respectfully Submitted,

BOARD OF TRUSTEES OF WILLIAM RAINEY HARPER COLLEGE NO. 512,

By:          s/ Samuel B. Cavnar
            One of Its Attorneys

Kenneth M. Florey
Samuel B. Cavnar
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
20 N. Clark Street, Suite 900
Chicago, Illinois 60602
(312) 332-7760
(312) 332-7768 (fax)