**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| MILWAUKEE MUTUAL INSURANCE, | ) | |
| COMPANY, n/k/a Milwaukee Insurance Company | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 08 C 00029 |
| | ) | |
| ARCHITECTURAL SEALANTS, INC., | ) | Hon. Judge Wayne R. Andersen |
| F.H. PASCHEN, S.N. NIELSEN, INC, | ) | |
| BOARD OF TRUSTEES OF WILLIAM | ) | Magistrate Judge Keys |
| RAINEY HARPER COLLEGE NO. | ) | |
| 512, and ILLINOIS CAPITAL | ) | |
| DEVELOPMENT BOARD | ) | |
| | ) | |
| Defendants. | ) | |

## MILWAUKEE INSURANCE COMPANY'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS

Plaintiff, MILWAUKEE MUTUAL INSURANCE COMPANY, n/k/a Milwaukee Insurance

Company ("Milwaukee"), states in support of its Motion for Summary Judgment against Defendants

ARCHITECTURAL SEALANTS, INC., ("ASI"), and F.H.PASCHEN, S.N. NIELSEN, INC.

("Paschen"), pursuant to Local Rule 56.1:

1.   Milwaukee issued the following Policies to Architectural Sealants, Inc. (hereinafter

collectively referred to as "Milwaukee Policies"):

| POLICY | EFFECTIVE DATES | LIMITS |
|---|---|---|
| CPP30776540182 | 10/17/99 until cancelled | $1,000,000/occurrence and $2,000,000/aggregate |
| Umbrella Policy UO30776540182 | 10/17/99 until cancelled | $5,000,000/aggregate and $10,000/self-insured retention |
| CPP30811530082 | 10/17/00 until cancelled | $1,000,000/occurrence and $2,000,000/aggregate |
| CPP30811530182 | 10/17/01 until cancelled | $1,000,000/occurrence and $2,000,000/aggregate |
| CPP30811530282 | 10/17/02 until cancelled[1] | $1,000,000/occurrence and $2,000,000/aggregate |

---

[1] See "certification page" of Policy, Milwaukee Complaint, Doc. No. 1 at Exhibit E evidencing cancellation on 10/17/2003.

*Milwaukee Complaint,* Doc. No. 1 ¶¶ 9-13; *ASI's Answer to Milwaukee's Complaint,* Doc. No. 15

¶¶9-13.

2.   Under Insuring Agreement A – "Bodily Injury and Property Damage Liability," the

Milwaukee Policies[2] provide:

> We will pay those sums that the insured becomes legally obligated to pay as
> damages because of . . . "property damage" to which this insurance applies. . .
>
> * * *
>
> This insurance applies to . . "property damage" only if:
>
> (1)   The . . . "property damage" is caused by an "occurrence" . . ; and
>
> (2)   The . . . "property damage" occurs during the policy period.

*Milwaukee Complaint,* Doc. No. 1 ¶25.

3   "Occurrence" is defined in the Milwaukee Policies as "an accident, including

continuous or repeated exposure to substantially the same general harmful conditions." *Id*

4   "Property damage" is defined as:

> a   Physical injury to tangible property, including all resulting loss of use of
> that property. All such loss of use shall be deemed to occur at the time of
> physical injury that caused it; or
>
> b.   Loss of use of tangible property that is not physically injured. All such
> loss of use shall be deemed to occur at the time of the occurrence that
> caused it.

*Id*

5.   Section I of the Policies at Exclusions, paragraph j, excludes coverage for "Damage

to Property" as follows:

> (5)   that particular part of real property on which you . . . are performing
> operations, if the "property damage" arises out of those operations; or

---

[2] Citations herein to paragraphs in the Milwaukee Policies are identical in each of the four General Liability Policies
(CPP 30776540182, CPP30811530082, CPP30811530182, and CPP30811530282) but not the Umbrella Policy, UO
30776540182   Paragraphs j(5) and (6), l, and m in the General Liability Policies are paragraphs k(3) and (4), m, and
n, respectively, in the Umbrella Policy.

     (6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

*Id.* ¶31

6.     Section I of the Policies at Exclusions, paragraph l, excludes coverage for "Damage to Your Work" as follows:

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard". This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

*Id.* ¶33.

7.     Section I of the Policies at Exclusions, paragraph m, excludes coverage for "Damage to Impaired Property or Property not Physically Injured" as follows:

"property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" . . . .

*Id.* ¶35.

8.     Section IV, Condition 2 of the Milwaukee Policies[3] provides for the insured's Duties in the Event of Occurrence, Offense, Claim or Suit:

a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.

\* \* \*

b.     If a claim is made or "suit" is brought against any insured, you must:

\* \* \*

(2)     Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

---

[3] Condition 5 in Umbrella Policy UO 30776540082.

c.    You and any other involved insured must:

(1)    Immediately send us copies of any demands, notices,
summonses or legal papers received in connection with the
claim or "suit";

*Id.* ¶38

9.    On or around June 21, 2000, ASI entered into a subcontract with Paschen, the general

contractor, in which ASI was to provide labor and materials at the Performing Arts Center and at the

Conference Center at Harper College. *Complaint,* Doc. No. 1 ¶15 Ex. F; *ASI's Answer to*

*Milwaukee's Complaint,* Doc. No. 15 ¶15, *Paschen's Answer to Milwaukee's Complaint,* Doc. No.

17 ¶15.

10    Harper College claims that it "observed various symptoms of problems" during the

course of the project which were not specifically identified until December 2004 and these defects

were a breach of Paschen's express and implied contractual obligations. *Milwaukee Complaint,* Doc.

No. 1, ¶16, Ex. G (¶¶13, 17, 18, 33-39); *Harper College's Answer to Milwaukee's Complaint,* Doc.

No. 25 ¶17.

11.    Harper College also claims that it sustained damage because defective work had to be

replaced and/or had diminished the value of the Project. *Milwaukee Complaint,* Doc. No. 1, ¶16, Ex.

G (¶37).

12.    On June 5, 2006, after sending a letter to Paschen seeking its participation in an

alternative dispute resolution process, the Board of Trustees of William Rainey Harper College No.

512, and the Illinois Capital Development Board, for the use and benefit of Board of Trustees of

William Rainey Harper College No. 512 filed a law suit against Paschen, among others, seeking

damages for breach of contract and other claims ("the Harper College Action"). *Milwaukee*

*Complaint,* Doc. No. 1, ¶16, Ex. G (¶11); *Harper College's Answer to Milwaukee's Complaint,* Doc.

No. 25 ¶16.

4

13.     On or around August 7, 2007, Paschen filed a Third-Party Complaint ("Paschen Complaint") against ASI and a number of other parties alleging that ASI breached its subcontract agreement with Paschen and was obligated to indemnify Paschen against any judgment entered in the Harper College Action *Paschen's Answer to Milwaukee's Complaint,* Doc. No. 17 ¶18.

14.     On September 12, 2007 Paschen, through its counsel, tendered its defense of the Harper College Action to ASI and ASI's insurance carriers, including Milwaukee. *Id* at ¶20

15.     On or around October 18, 2007, Milwaukee received and reviewed materials forwarded by Scottsdale Insurance Company, another one of ASI's insurance carriers. *Declaration of Tom F. Tucker*

16.     Following its investigation, Milwaukee denied Paschen's tender of the Harper College Action on or around December 28, 2007 on the following grounds:

a     there are no allegations of "property damage" or "occurrence" as those terms are defined in the Policies in either the Harper College Action or the Paschen Complaint;

b     even if "property damage" caused by an "occurrence" was alleged, it is unclear that the damage occurred during any of the relevant policy periods;

c.     in the alternative, coverage is excluded by Exclusions j(5), j(6), l, and/or m; and

d     coverage is barred for failure to give proper notice

*Milwaukee Complaint,* Doc. No. 1, ¶21, *Paschen's Answer to Milwaukee's Complaint,* Doc. No. 17 ¶21.

17.     On December 6, 2007, ASI tendered its defense of the Paschen Complaint to Milwaukee. *Milwaukee Complaint,* Doc. No. 1, ¶22; *ASI's Answer to Milwaukee's Complaint,* Doc No. 15 ¶22.

18.     Milwaukee denied ASI's tender by letter dated December 28, 2007 on the following grounds:

a.     there are no allegations of "property damage" or "occurrence" as those terms are defined in the Policies in either the Harper College Action or the Paschen Complaint;

5

b. even if "property damage" caused by an "occurrence" was alleged, it is unclear that the damage occurred during any of the relevant policy periods;

c. in the alternative, coverage is excluded by Exclusions j(5), j(6), l, and/or m; and

d. coverage is barred for failure to give proper notice.

*Milwaukee Complaint,* Doc. No. 1, ¶23; *ASI's Answer to Milwaukee's Complaint,* Doc. No. 15 ¶23

19. On January 2, 2008, Milwaukee filed its Complaint for Declaratory Relief in the United States District Court for the Northern District of Illinois. *Milwaukee's Complaint,* Doc. No. 1.

Respectfully submitted,

MILWAUKEE MUTUAL INSURANCE COMPANY
n/k/a MILWAUKEE INSURANCE COMPANY

By: _____

/s/ Neal R. Novak
One of its Attorneys

**NOVAK LAW OFFICES**
Neal R. Novak, Esq. (#06181620)
Matthew R. Wildermuth (#06202106)
Renata Biernat (#06285752)
33 N. LaSalle Street, Suite 1900
Chicago, Illinois 60602
(312) 425-2500 Telephone
(312) 425-2525 Facsimile