IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MILWAUKEE MUTUAL INSURANCE COMPANY, n/k/a MILWAUKEE INSURANCE COMPANY, <br><br>  Plaintiff, <br><br> vs. <br><br> ARCHITECTURAL SEALANTS, INC., F.H. PASCHEN, S.N. NIELSEN, INC., and BOARD OF TRUSTEES OF WILLIAM RAINEY HARPER COLLEGE NO. 512, and ILLINOIS CAPITAL DEVELOPMENT BOARD, for the use of and benefit of BOARD OF TRUSTEES OF WILLIAM RAINEY HARPER COLLEGE NO. 512, <br><br>  Defendants. | No. 08 CV 0029 <br><br> Judge Andersen <br> Magistrate Judge Keys |

**MOTION TO VACATE THE ORDER OF JULY 3, 2008 AND TO SET MATTER FOR STATUS**

NOW COMES the Defendant, ARCHITECTURAL SEALANTS, INC., ("ASI") by and through its attorneys, BRENNER, FORD, MONROE, and SCOTT, LTD., and moves this Honorable Court to vacate the order of July 3, 2008 setting a briefing schedule on Plaintiff's Motion for Summary Judgment and to set this matter for a sixty day status. In support thereof, Defendant states as follows:

1. Plaintiff has filed this declaratory judgment action seeking a declaration from the Court that Plaintiff owes this defendant and others no duty to defend or indemnify this defendant in a matter filed by the Board of Trustees of William Rainey Harper College No. 512 ("Harper College") and others in a matter pending in Cook County Circuit Court 06 L 005812. The Harper College litigation involves a large construction project at the school that involved a number of sub-contractors of differing specialties and several separate areas of alleged damage arising out of the construction project.

2.	Plaintiff filed a motion for summary judgment on June 27, 2008 and a briefing schedule was set by the Court on July 3, 2008. See order attached as Exhibit A. This defendant is requesting the Court to vacate the briefing schedule entered on July 3, 2008.

3.	Discovery is ongoing in the underlying matter and that case is set for status on discovery on August 19, 2008. While ASI has filed a motion for summary judgment in the underlying case, a ruling on that motion will not be entered until written discovery is complete. The exact nature and extent of Harper College's alleged damages have not yet been determined, nor has the involvement of each of the sub-contractors been clarified due to this outstanding written discovery in the underlying matter.

4.	The basis for Plaintiff's motion for summary judgment would potentially require this court to make factual determinations that have not yet been made in the underlying case, including the timing of when the damage was discovered (late notice argument) and the nature and extent of Harper College's damages (property damage exclusions to apply). In determining whether a duty to defend exists, the Court may look beyond the allegations of the underlying complaint as long as the Court is not making determinations that are crucial to the underlying lawsuit. *Fidelity &Casualty Company of New York v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301, 77 Ill. Dec. 848(1st Dist. 1983).

5.	In order to ensure that ASI and this Court has all of the necessary facts to make an argument and determination of coverage in this case, ASI requests this court to suspend the briefing schedule on Plaintiff's motion for summary judgment for 60 days and to set this matter for status and a determination on the discovery outstanding in the underlying matter.

WHEREFORE, the Defendant, ARCHITECTURAL SEALANTS, INC., respectfully requests this Court to vacate the briefing schedule order of July 3, 2008 and to set this matter for status in sixty days to determine the status of written discovery in the underlying matter.

                                          Respectfully submitted,

                                          BRENNER, FORD, MONROE & SCOTT, LTD.

                                          By: /s/Amy L. Anderson

**BRENNER, FORD, MONROE & SCOTT, LTD.**
33 North Dearborn Street, Suite 300
Chicago, Illinois 60602
(312)781-1970