IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| MILWAUKEE MUTUAL INSURANCE, ) <br> COMPANY, n/k/a Milwaukee Insurance Company ) <br> ) <br> Plaintiff, ) <br> ) <br> v ) <br> ) <br> ARCHITECTURAL SEALANTS, INC., ) <br> F.H. PASCHEN, S.N. NIELSEN, INC, ) <br> BOARD OF TRUSTEES OF WILLIAM ) <br> RAINEY HARPER COLLEGE NO. ) <br> 512, and ILLINOIS CAPITAL ) <br> DEVELOPMENT BOARD ) <br> ) <br> Defendants. ) | Case No.: 08 C 00029 <br><br> Hon. Wayne R. Andersen <br><br> Magistrate Judge Keys |

**MILWAUKEE MUTUAL INSURANCE COMPANY, N/K/A MILWAUKEE INSURANCE COMPANY'S OPPOSITION TO MOTIONS TO VACATE ORDER OF JULY 3, 2008**

NOW COMES Plaintiff, MILWAUKEE MUTUAL INSURANCE COMPANY, n/k/a Milwaukee Insurance Company ("Milwaukee"), by and through its attorneys, Novak Law Offices, and submits this Memorandum in Opposition to Defendants Architectural Sealants, Inc.'s and F.H. Paschen, S.N. Nielsen, Inc.'s Motion to Vacate Order of July 3, 2008 and to Set Matter for Status.[1] In support of its Opposition, Milwaukee states:

1.   Milwaukee's Motion for Summary Judgment, filed on June 27, 2008, seeks a determination that it has no duty to defend, and consequently no duty to indemnify, either Architectural Sealants, Inc ("ASI"), its named insured, or F.H. PASCHEN, S.N. NIELSEN, INC ("Paschen"), the additional insured, because the underlying lawsuit filed by Harper College does not

---

[1] Defendant F.H. Paschen, S.N. Nielsen, Inc. filed a Motion on July 8, 2008 to Adopt Plaintiff's Motion to Enlarge Time and Architectural Sealants' Motion to Vacate Order of July 3, 2008 and to Set Matter for Status. Milwaukee has no opposition to Paschen's Motion to Adopt Milwaukee's request to enlarge time. However, Milwaukee opposes Paschen's Motion to the extent that it seeks to adopt Architectural Sealants' Motion. Therefore, this Opposition Memorandum is also submitted in support of Milwaukee's Opposition to that aspect of Paschen's Motion.

allege "property damage" caused by an "occurrence" during any of the Milwaukee Policy periods. In the alternative, Milwaukee contends that multiple exclusions may bar any obligation which Milwaukee may have to defend either ASI or Paschen.

2. ASI's Motion seeks to delay the Court's disposition of Milwaukee's Motion for Summary Judgment because it fears that Milwaukee's Motion "would potentially require this Court to make factual determinations that have not yet been made in the underlying case, including the timing of when the damage was discovered (late notice argument) and the nature and extent of Harper College's damages (property damage exclusions to apply)." ASI Motion at ¶4. In addition, ASI seeks a suspension of the briefing schedule "in order to ensure that [it] and this Court has all of the necessary facts to make an argument and determination of coverage in this case..." *Id* at ¶5. Neither point has merit.

3. Under Illinois law, the well-established rule is that the allegations in the underlying action determine an insurer's duty to defend its insured. *Thorton v. Paul*, 74 Ill.2d 132, 384 N.E.2d 335 (1978). Milwaukee's Motion for Summary Judgment asks the Court to determine whether Milwaukee owes Paschen and ASI a defense in the underlying action based on the Complaint tendered to it by Paschen and the Third Party Complaint tendered to it by ASI. For purposes of determining the duty to defend, the allegations of a third party pleading also may be taken into consideration. *American Economy Insurance Co. v. Holabird and Root*, 201 Ill. App. LEXIS 258, *32; 886 N.E.2d 1166 (1st Dist. 2008). To resolve Milwaukee's pending Motion, the Court need not make any factual determinations, and there are no facts that ASI can add to the record at this point to change the landscape of the pleadings submitted to Milwaukee. The Court must simply evaluate the policies and the tendered pleadings to determine if Milwaukee's denial of the two defense tenders was correct under Illinois law.

4. ASI relies on *Fidelity & Casualty Company of New York v. Envirodyne Engineers, Inc.*, 122 Ill. App.3d 301, 77 Ill. Dec. 848 (1st Dist. 1983) in support of the proposition that the Court

may look beyond the allegations of an underlying Complaint so long as the Court is not making determinations that are crucial to the underlying lawsuit. After discussing *Thorton v Paul, supra*, and *Maryland Casualty Co v Peppers*, 64 Ill.2d 187, 355 N.E.2d (1976), the *Fidelity & Casualty Co* Court concluded that an "ultimate fact upon which recovery is predicated in the underlying case may not be addressed" in a declaratory judgment action. *Id.* at 307.

> The [*Peppers*] Court's language suggests that an ultimate fact is one which estops the plaintiff in the underlying case from pursuing one of his theories of recovery. *Thorton* implies that an ultimate fact is one in which 'an issue crucial to the insured's liability' in the underlying case is determined

*Id.* Disposing of Milwaukee's Summary Judgment Motion will not require the Court to adjudicate an "ultimate fact."

5. The Complaint against Paschen simply seeks damages for a breach of contract. *See* Complaint, Doc. #1 at Exhibit G. The third party complaint against ASI seeks damages for a breach of contract and indemnity. *Id.* at Exhibit H. Assuming that the Court grants Milwaukee's Motion, the underlying plaintiff will not be estopped from seeking a recovery for breach of contract against Paschen. Likewise, Paschen is not estopped from seeking a recovery against ASI for breach of contract and/or indemnity. The only difference will be that Milwaukee will not be obligated to provide a defense.

6. By way of example, assume that both Paschen and ASI failed to perform in accordance with their contractual obligations and therefore breached their contract and sub-contract respectively. As a result, assume Plaintiff sustained economic loss to the structure of the College. That scenario is not "property damage" caused by an "occurrence" under a CGL policy *Viking Construction Management, Inc. v. Continental Casualty Company*, 358 Ill. App. 3d 34, 831, N.E. 2d 1 (1st Dist. 2005). Plaintiff would not be estopped from recovering against Paschen, or Paschen against ASI. However, Milwaukee would not be required to provide insurance coverage to either

Paschen or ASI.[2] Milwaukee has presented its Motion for Summary Judgment in such a way that the Court may determine Milwaukee's defense obligations without in any way disturbing the rights of the underlying plaintiff to pursue any and all recoveries available to it from Paschen, and to Paschen from ASI.

7. ASI's Motion, in essence, is a concession that its tender to Milwaukee does not trigger Milwaukee's defense obligations under the current state of the pleadings. In that event, ASI should simply withdraw its defense tender to Milwaukee which would moot the declaratory judgment action as to ASI. Thereafter, Milwaukee could proceed on its summary judgment motion as to Paschen alone. If ASI is not conceding that Milwaukee's obligations to Defendant have not yet been triggered, then there is no reason to seek a delay in the resolution of the declaratory judgment action.

8. In light of the foregoing, Milwaukee asks this Court to deny ASI's Motion to Vacate Order of July 3, 2008 and to Set Matter for Status and Paschen's Motion to Vacate Order of July 3, 2008 and to Set Matter for Status. Milwaukee hereby reiterates its request for the Court to modify the briefing schedule entered on July 3 to incorporate the dates originally agreed between the parties, including that all briefs in opposition to Milwaukee's Motion be filed on or by August 8, 2008 and that Milwaukee's Reply Brief would be filed on or by September 5, 2008. This result provides both Paschen and ASI with an extraordinary amount of additional time to prepare an opposition, if any, to Milwaukee's Motion for Summary Judgment.

MILWAUKEE MUTUAL INSURANCE COMPANY
n/k/a MILWAUKEE INSURANCE COMPANY

By: _____/s/ Neal R. Novak_____
One of its Attorneys

---

[2] Of course, if Milwaukee has no duty to defend ASI or Paschen, it consequently has no duty to indemnify them either. *Crum & Forster Corp. v. Resolution Trust Corp.*, 156 Ill.2d 384, 398, 620 N.E.2d 1073, 1081 (1993) (where there is no duty to defend, there will be no duty to indemnify).

4

**NOVAK LAW OFFICES**
Neal R. Novak, Esq. (#06181620)
Matthew R. Wildermuth (#06202106)
Renata Biernat (#06285752)
33 N. LaSalle Street, Suite 1900
Chicago, Illinois 60602
(312) 425-2500 Telephone
(312) 425-2525 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2008, I electronically filed Milwaukee Mutual Insurance Company's Opposition to Motion to Vacate Order of July 3, 2008 with the Clerk of the Court using the ECF system, which will send notification of such filings to the following:

TO:  Amy L. Anderson, Esq.
Brenner, Ford, Monroe & Scott, Ltd.
33 N. Dearborn St.,
Suite 300
Chicago, IL 60602

Kevin Lovellette
Office of the Illinois Attorney General
100 W. Randolph St., 13th Fl.
Chicago, IL 60601

Ellen B. Epstein, Esq.
Christopher J. Hales, Esq.
Burke Burns & Pinelli, Ltd.
70 W. Madison St.,
Suite 4300
Chicago, IL 60602

Samuel B. Cavnar, Esq.
Kenneth M. Florey, Esq.
Robbins Schwartz Nicholas
Lifton & Taylor, Ltd.
20 N. Clark St., Suite 900
Chicago, IL 60602

By: /s/ Neal R. Novak

**NOVAK LAW OFFICES**
Neal R. Novak, Esq. (#06181620)
Matthew R. Wildermuth (#06202106)
Renata Biernat (#06285752)
33 N. LaSalle Street, Suite 1900
Chicago, Illinois 60602
(312) 425-2500 Telephone
(312) 425-2525 Facsimile